HARRY BURACK, Appellant, v. WASHINGTON CEMETERY and INDEPENDENT ORDER BRITH ABRAHAM, Respondents.—Appeal by plaintiff, in an action for damages for personal injuries sustained when a monument in the Washington Cemetery fell upon him, from a judgment dismissing his complaint as to both defendants, at the close of his case at a jury trial. As to the defendant Independent Order Brith Abraham, the judgment is unanimously affirmed, with costs. As to the defendant Washington Cemetery the judgment is reversed on the law and a new trial granted, with costs to appellant to abide the event. As to the defendant Independent Order of Brith Abraham, no cause of action was proved. That defendant had received by grant from the cemetery corporation the exclusive use for burial purposes of the section of the cemetery in which the accident occurred. Such grant, however, did not relinquish the cemetery corporation's ownership and sole control of that section of the cemetery nor did it relieve it from responsibility for the safe condition thereof. (Dutton v. Greenwood Cemetery Co., 80 App. Div. 352; Clarke v. Keating, 183 id. 212, 214, and cases there cited.) As to the defendant Washington Cemetery, plaintiff's evidence warranted findings that, while he was an invitee upon, or a business visitor to, the property of the cemetery corporation, he received injuries, without fault on his part, through being struck by a large gravestone which toppled from its base upon the plaintiff, and that the cemetery corporation failed in its duty to exercise reasonable care and prudence to keep its premises safe for his use as such visitor. (Heskell v. Auburn L., H. & P. Co.,

209 N. Y. 86, 91; *Haefeli* v. *Woodrich Engineering Co.*, 255 id. 442, 448; Restatement, Torts, § 332.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.